UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON VALENCIA<br><br>Plaintiff,<br><br>v.<br><br>HARRIS, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:10-CV-01725-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

### SCREENING ORDER

**I.   PROCEDURAL HISTORY**

On September 21, 2010, Plaintiff Don Valencia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)   Plaintiff's Complaint is now before the Court for screening.

//////

/////

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff was housed at the Sierra Conservation Camp at Jamestown ("SCC") when he was attacked by another inmate in the Sensitive Needs Yard ("SNY"). (Compl., pp. 6, 8, ECF No. 1.) His Complaint alleges that the following Defendants, in their respective individual and official capacities, were assigned in and around the SNY and violated Plaintiff's Eighth and Fourteenth Amendment right to protection from inmate violence: (1) Harris, Correctional Officer, (2) Fell, Correctional Officer, (3) Riggs, Correctional Officer,

(4) Webb, Correctional Officer, (5) Hittle, Correctional Officer, (6) Anderson, Correctional Officer, (7) Dean, Correctional Sergeant and Yard Supervisor, and (8) Scott, Correctional Officer. (Id. at 6-8.)

Plaintiff seeks compensatory damages against each named Defendant and a federal investigation of the incident underlying this action. (Id. at 20.)

On August 23 2008, Plaintiff was attacked in the SNY by another inmate. (Id. at 8.) The attack lasted "about five minutes.". (Id. at 8.) Defendants wilfully and deliberately failed to respond to the attack for several minutes. (Id. at 9.) Defendants failed to follow departmental policy and procedure to stop the attack. (Id. 9.) Plaintiff suffered lacerations, abrasions and pain from the attack and continued, through the date the Complaint was filed, to suffer therefrom.

Plaintiff complains that each Defendant personally violated his rights. Defendants Harris (Tower 15 Officer) and Scott (Control Booth Officer), though armed and in a position to fire a weapon, "never fired a shot" and did not order inmates on the Yard to get down. (Id. at 10, 14-15.) Riggs (Floor Officer) was not at his assigned post during the attack; he could have stopped the attack had he been. (Id. at 11.) Defendant Hittle (Search and Escort Officer) was either not at his post or failed to respond to the attack. (Id. at 11-12.) Defendant Dean (Supervisory Yard Sergeant) failed to notice the attack, did nothing until the alarm was sounded, and failed to properly supervise the other Defendants to ensure they were at their assigned posts. (Id. at 12.) Defendant Dean followed a de facto institutional policy condoning inmate violence. (Id.) Defendants Fell (Pedestrian Gate Officer), Anderson (Yard Crew Officer) and Webb (Recreational Officer), were assigned to the SNY at the time of the attack and did nothing to stop the attack until after the alarm

was sounded. (Id. at 12-14.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### A. Personal Participation and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each

government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

The Court finds that, for purposes of screening, the facts alleged in the Complaint do sufficiently link each Defendant personally to the alleged violation of Plaintiff's constitutional rights.

### B.  Eighth Amendment - Failure to Protect

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833. To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, at 834. The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id., at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id., at 836–37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may

be sufficient to establish knowledge. Id., at 842.

Plaintiff alleges facts showing a serious threat to his safety. Plaintiff alleges he was suddenly attacked by an inmate "viciously punching and kicking, stomping plaintiff at will...." (Compl. at 8.) Plaintiff has satisfied, for purposes of screening, the objective prong of the deliberate indifference standard.

However, Plaintiff has failed to allege sufficient facts to show that any particular Defendant knew of and disregarded an excessive risk to his health or safety. Plaintiff has not alleged any facts showing that any Defendant knew or should have known that Plaintiff's personal safety would be threatened by attack on August 23, 2008.[1]

Plaintiff states that each Defendant was assigned in or near the SNY. There is no evidence that Defendants Harris, Fell, Webb, Anderson, Dean and Scott, who allegedly were at their posts, knew of the attack on Plaintiff prior to the alarm sounding, or failed to discharge a duty or responsibility in deliberate disregard of Plaintiff's safety after the alarm sounded. The allegation that "inmates on the yard stood still and watched" is not evidence that the attack was obvious or seen by guards. Once the alarm went off, prisoners then "got down" and staff ordered the attacking inmate to "to halt his assault and get down."[2] (Id. at 9.) Deliberate indifference may be present where the facts show a guard watches an attack, was aware of the risks presented by the attack and then did nothing, firing no shots and waiting for the attack to stop. Keel v. A. Hedgpeth, 2009 WL 321333

---

[1] E.g., There is no evidence that the attacker had threatened Plaintiff, previously attacked Plaintiff, or was an enemy of Plaintiff.

[2] "No liability exists [ ] if an official reasonably responded to a known substantial risk, 'even if the harm was ultimately not averted' " Longoria v. Texas, 473 F .3d 586, 593 (5th Cir.2006), quoting Farmer, 114 S.Ct. at 1983.

(E.D. Cal., February 09, 2009.) Plaintiff alleges no facts showing such a failure to respond to the August 23, 2008 attack, or that the response knowingly disregarded an excessive risk to Plaintiff's health and safety. The evidence does not support a gladiator-like scenario as seen in Robinson v. Prunty, 249 F.3d 862, 867 (9th Cir.2001). Mere negligence in discovering the attack, or responding to it, will not support a constitutional claim for deliberate indifference.

As to Defendants Riggs and Hittle, who allegedly were not at their assigned posts during the attack, there is no evidence that either Defendant knew of a serious risk to Plaintiff and absented him/herself in disregard of that risk.

Plaintiff has not alleged facts showing that any Defendant disregarded an excessive risk to Plaintiff's health or safety.

Plaintiff also alleges that Defendants "failed to follow Departmental policy and procedure", but provides no facts supporting this allegation.

The Court will grant Plaintiff leave to amend his Eighth Amendment claim. In order to state a cognizable claim for failure to protect under the Eighth Amendment, he must demonstrate that each Defendant was aware of a serious risk of harm to Plaintiff and then deliberately disregarded the risk to Plaintiff's safety.

**C.     Fourteenth Amendment - Failure to Protect**

The Ninth Circuit has found that:

> "To establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims."

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996). In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection...." Patel, 103 F.3d at 874.

Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's constitutional claims. Plaintiff will not be given leave to amend to assert a Fourteenth Amendment claim.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.' " Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general

rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed September 21, 2010;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days from filing of this order; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 28, 2011          /s/ *Michael J. Seng*
ci4d6                                    UNITED STATES MAGISTRATE JUDGE