UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON VALENCIA | | CASE NO. 1:10-cv-01725-MJS (PC) |
| | Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | | (ECF NO. 10) |
| HARRIS, et al., | | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| | Defendants. | |

**SECOND SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Don Valencia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 21, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court screened the Complaint and dismissed it for failure to state a claim, but allowed Plaintiff to file an amended complaint provided he do so by April 2, 2012. (Order Dismissing Compl., ECF No. 6; Order Extending Time, ECF No. 9.)

Now before the Court for screening is Plaintiff's First Amended Complaint. (First Am. Compl., ECF No. 10.)

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff repeats allegations in his original Complaint to the effect that on August 23, 2008 while housed at the Sierra Conservation Camp at Jamestown ("SCC") he was attacked in the yard by another inmate. (First Am. Compl. at 3.) He adds the allegation that "according to witnesses the Defendants saw the attack but did nothing to stop it until their supervisor, Lt. Peña, triggered the alarm." (Id. at 3.) He "sustained multiple severe injuries

on [his] body including damage to face, and head." (Id.)

The following Defendants, in their respective individual and official capacities failed to protect Plaintiff from the attack in violation of his Eighth Amendment rights: (1) Harris, Correctional Officer, (2) Fell, Correctional Officer, (3) Riggs, Correctional Officer, (4) Webb, Correctional Officer, (5) Hittle, Correctional Officer, (6) Anderson, Correctional Officer, (7) Dean, Correctional Sergeant, and (8) Scott, Correctional Officer. (Id. at 2-3.)

He seeks a federal investigation of the incident underlying this action, compensatory damages and costs and fees. (Id. at 3.)

## IV. ANALYSIS

### A. Introduction

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

conclusions are not. Id. at 1949–50.

### B. Personal Participation and Supervisory Liability

Under § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

The Court finds that, taking Plaintiff's allegations as true as it must for purposes of screening, each named Defendant is personally linked to the alleged violation of Plaintiff's constitutional rights.

### C   Eighth Amendment - Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff does not allege facts plausibly suggesting that Defendants intentionally failed to respond to the attack notwithstanding an opportunity to do so. Plaintiff alleges that Defendants saw the attack, failed to act, and as a result he suffered severe injuries. However he fails to provide information as to the the length of the alleged attack, the length of Defendants' alleged delay in responding to it, the reason, if any, for the alleged delay, and whether Defendant's realistically could have been expected to act sooner than they did. In short, Plaintiff has failed to allege sufficient facts to enable the Court to conclude that Defendants' alleged failure to act was due to deliberate indifference. Deliberate indifference may be present where the facts show a guard watches an attack, is aware of the risks presented by the attack and then deliberately does nothing, firing no shots and waiting for the attack to stop. See Keel v. A. Hedgpeth, 2009 WL 321333 (E.D. Cal., February 09, 2009); see also Robinson v. Prunty, 249 F.3d 862, 867 (9th Cir. 2001) (prison guards knowingly released inmate onto the exercise yard with hostile inmates and watched the fighting between plaintiff and another inmate for five minutes before intervening).

Plaintiff has not alleged facts plausibly supporting his Eighth Amendment claim for failure to protect. The Court will grant Plaintiff **one more opportunity** to amend his Eighth Amendment claim. In order to state a cognizable claim for failure to protect under the Eighth Amendment, he must demonstrate that each Defendant he wants to proceed against was aware of a serious risk of harm to him and then deliberately disregarded that risk to his safety.

//////

## V.    **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff one more opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in the prior complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under

penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed April 2, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file a second amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 13, 2012         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE