IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON VALENCIA, | CASE No. 1:10-cv-01725-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| vs. | (ECF Nos. 19, 24) |
| HARRIS, et al., | |
| Defendants. | |
| _____/ | |

I.  **PROCEDURAL HISTORY**

Plaintiff Don Valencia is a state prisoner proceeding pro se and in forma pauperis in a civil rights action filed September 21, 2010 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The parties have consented to Magistrate Judge jurisdiction for all matters and proceedings. (Consent to Magistrate, ECF Nos. 5, 29, 30.)

This claim arose during Plaintiff's incarceration at Sierra Conservation Camp at Jamestown, California ("SCC") while in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges that, Defendants, SCC corrections staff members, violated his Eighth Amendment rights by failing to protect

1 him during an August 23, 2008 attack in the yard by another inmate who severely
2 injured Plaintiff. The action is proceeding on Plaintiff's Second Amended Complaint
3 against Defendants Harris, Fell, Riggs, Webb, Hittle, Anderson, Dean, and Scott.
4 (Order Finding Cogizable Claims, ECF No. 15.)

On September 21, 2012, Defendants Anderson, Dean, Fell, Harris, Hittle, Riggs, and Webb filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b), on grounds Plaintiff failed to timely exhaust his administrative remedies before filing suit. (Mot. to Dismiss., ECF No. 19.) Therein Defendants notified Plaintiff of his rights, obligations and methods for opposing the motion to dismiss pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed opposition to the motion to dismiss on October 15, 2012. (Opp'n to Mot., ECF No. 22.) On October 23, 2012, Defendants' filed a reply to the opposition. (Reply to Opp'n, ECF No. 23.) Defendant Scott joined in the instant motion to dismiss and reply in support, on November 8, 2012.[1] (Joinder, ECF No. 24.) Plaintiff filed a purported supplement to his opposition on November 29, 2012. (Supp. to Opp'n, ECF No. 26.)[2] The motion to dismiss is now ready for ruling.

## II. **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior

---

[1] Defendant Scott was not served until October 26, 2012. (Joinder at 2:1.)

[2] Plaintiff's supplement to opposition appears to be a surreply unauthorized by the Federal Rules of Civil Procedure and Local Rules. The Court neither requested nor granted permission for a surreply. Accordingly, Plaintiff's supplement to opposition was not considered by the Court in ruling on the instant motion.

to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative remedies is necessary," and "demands compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

The CDCR has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[3]

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 215; Wyatt, 315 F.3d at 1119. The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the

---

[3] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

1 pleadings and decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119–20. If the Court
2 concludes that the prisoner has failed to exhaust administrative remedies, the proper
3 remedy is dismissal without prejudice. <u>Id.</u>

4     The burden of proof for the affirmative defense of failure to exhaust
5 administrative remedies in a suit governed by the PLRA lies with defendant. <u>Roberts v.</u>
6 <u>Barreras</u>, 484 F.3d 1236, 1241 (10th Cir. 2007).

7 **III.**   **ARGUMENTS**

8     **A.**     **Defendants' Moving Argument**

9     Defendants argue:

10     Plaintiff was required to file a prison appeal within fifteen working days of the
11 August 23, 2008 incident. Cal. Code Regs. tit. 15 §§ 3084.2(a), 3084.2(a)(1),
12 3084.6(c).[4] (Baldwin Decl. in Supp. at ¶ 8; Lozano Decl. in Supp. at ¶ 8.) Plaintiff
13 submitted one appeal related to that incident, Log. No. SCC-09-00023 ("Administrative
14 Appeal"). It was not filed until December 27, 2008. (Mem. of P. & A. In Supp. at 5:15;
15 Baldwin Decl. in Supp. at ¶¶ 10-11; Lozano Decl. in Supp. at ¶ 10-11.) Plaintiff's
16 Administrative Appeal is untimely and will not support PLRA exhaustion. (Mem. of P. &
17 A. in Supp. at 5:15-21.) CDCR's acceptance and processing of Plaintiff's untimely
18 Administrative Appeal through the third level is not a waiver of the defense of untimely
19 exhaustion. (Mem. of P. & A. in Supp. at 5:22-23.)

20     **B.**     **Plaintiff's Opposition Argument**

21     Plaintiff argues, successively, in opposition:

22     He "filed his administrative complaints as soon as [he] was able". (Opp'n to Mot.
23 at 2:10.) He was delayed in doing so because he was placed in AdSeg with a head
24 injury several days after the incident and housed there until he was released to the
25 general population on October 16, 2008. (Opp'n to Mot. at 3, 20-25.) He then requested

26

---

27     [4] As adopted prior to January 28, 2011. (Baldwin Decl. in Supp. at ¶ 8.)

28

1  SCC staff provide him with "the crime/incident reports" so he could "file a complaint."
2  (Id. at 4:1-5.) He received nothing because "staff kept stone walling the issue". (Id.)
3      His Administrative Appeal was processed as a "staff complaint", (id. at 4:13-19),
4  and as such was timely if filed within one year of the incident.[5] The fifteen day deadline
5  relied upon by Defendants is not applicable. (Id., 5:7-13.)
6      Defendants' are improperly applying Title 15 appeal regulations that did not
7  become effective until January 2011. (Id. at 5:24-27.)
8      Defendants have not ruled out the possibility he filed an administrative appeal
9  that was rejected prior to entry into Defendants' appeal log system. (Id. at 6:1-5.)
10     He also filed a state claim with the California Victim Compensation and
11 Government Claims Board on December 24, 2008, which was denied on January 7,
12 2009. (Opp'n to Mot. at 16-18.)
13     **C.**    **Defendants' Reply Argument**
14     Defendants argue in reply that:
15     Plaintiff had the ability to timely file an administrative appeal during the fifteen
16 working days following the August 23, 2008 incident and failed to do. He was released
17 from the SCC hospital and placed in AdSeg on August 25, 2008 where he remained
18 until October 16, 2008. (Reply at 3:1-21.) He was able to file an administrative appeal
19 while in AdSeg. (Id. at 3:22-25; Baldwin Decl. in Reply ¶ 10.) He has made no showing
20 that he was prevented from timely filing an administrative appeal or that the appeal
21 procedure was unavailable to him during the fifteen day period. (Id. at 4:12-16.)
22     Plaintiff was not required to use or include an incident report with his
23 Administrative Appeal, (Reply at 4:8-11), and in any event Plaintiff did not request the
24 incident report until December 2, 2008, well after the fifteen day deadline to file an
25 administrative appeal had passed. (Id. at 4:5-6.)

---

[5] Plaintiff cites to CDCR Department Operations Manual ("DOM") § 54100.25.3.

-5-

1   Plaintiff filed only one grievance relating to the incident, the Administrative
2 Appeal. There is no evidence to suggest the contrary. (Id. at 5:10-14.)
3   Although the Administrative Appeal was processed as a "staff complaint" it was
4 nonetheless subject to the fifteen working day filing deadline of § 3084.6(c). (Id. at 4:25-
5 5:9). Plaintiff provides no authority suggesting otherwise. (Id.; Baldwin Decl. in Supp. of
6 Reply at ¶ 11.)

**IV.   ANALYSIS**

  After carefully reviewing the record, the undersigned concludes that Plaintiff's Administrative Appeal was untimely. However, Defendants' processing of the Administrative Appeal through the third level instead of rejecting it for untimeliness denied Plaintiff the opportunity to administratively appeal untimeliness and equitably estops Defendants from asserting that defense. The instant motion to dismiss is denied.

**A.   Plaintiff's Administrative Appeal was Untimely**

Plaintiff's Administrative Appeal was untimely because it was filed more than fifteen working days after the incident.

A grievance relating to the August 23, 2008 incident would be timely only if filed within fifteen working days thereafter. Cal. Code Reg tit. 15 §§ 3084.2(a), 3084.2(a)(1), 3084.69(c). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90–91.

Plaintiff argues that his Administrative Appeal, processed as a staff complaint, was subject to a one year filing deadline, citing to CDCR DOM § 54100.25.3. Plaintiff

1  does not supply the said DOM § 54100.25.3,[6] and the Court is unable to locate it or any
2  other authority for a one year appeal period. Plaintiff's claim that the Administrative
3  Appear has a longer filing deadline is not supported by the record.
4       Defendants have demonstrated that Plaintiff's Administrative Appeal was the
5  only administrative appeal he filed on the August 23, 2008 incident and that he filed it
6  on December 27, 2008. (Lozano Decl. ¶ 10; Baldwin Decl. ¶ 10.) Plaintiff concedes as
7  much. (Opp'n to Mot. at 7:2-5.)
8       Defendants have shown that the administrative appeal process was available to
9  Plaintiff during the entirety of the fifteen day period. (Baldwin Decl. ¶ 10.) Plaintiff has
10 made no showing to the contrary. See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir.
11 2012) (holding that after the defendant meets his burden of showing that the process
12 was available the burden shifts to plaintiff to demonstrate that the procedure was
13 unavailable.)
14       **B.   Plaintiff's State Tort Claim is not Sufficient PLRA Exhaustion**
15       Plaintiff suggests his state law tort claim relating to the August 23, 2008 incident
16 exhausts PLRA requirements.
17       State administrative claims do not suffice to show exhaustion under the PLRA.
18 Woodford, 548 U.S. 85; Richards v. Dep't of Alcoholic Beverages Control, 139
19 Cal.App.4th 304, 315 (Cal. Ct. App. 2006). Nor was Plaintiff's state claim filed within the
20 requisite fifteen working day period following the incident. Plaintiff's state tort claim did
21 not exhaust his PLRA requirements.
22       **C.   Plaintiff Exhausted Available Administrative Remedies**
23       Plaintiff's Administrative Appeal, though untimely, was not rejected or cancelled
24 by prison officials because it was untimely; rather it was accepted and processed on the
25
26 ──────────
       [6] Even if the Court had accepted Plaintiff's supplemental opposition, DOM § 54100.25.3 is not
27 included therein.
28                                          -7-

1  merits through the third level. (Lozano Decl., Ex. B.) This exhausted Plaintiff's available
2  administrative remedies. No other or further administrative review process was made
3  available to Plaintiff.
4       The June 1, 2009 Director's Level Appeal Decision advised Plaintiff that "[t]his
5  decision exhausts the administrative remedy available to the appellant within the
6  CDCR." (Lozano Decl., Ex. B); see Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011) (a
7  late filing that is accepted and decided on the merits fulfills the exhaustion requirement
8  of the PLRA); cf. Payne v. Pitkins, 447 F. Appx. 291, 292 (3d Cir. 2011) (failure to
9  exhaust found where inmate's claim was filed well past the fifteen day timeframe for
10 filing grievance, was rejected as untimely, and inmate then failed to appeal the
11 rejection.)

12       **D.    Defendants are Estopped to Assert Untimeliness Defense**

13      Prison officials accepted and processed Plaintiff's late Administrative Appeal
14 through the third level. Defendant's are estopped thereby from asserting an
15 untimeliness defense to exhaustion.

16            1.    Equitable Exception to Exhaustion

17      The exhaustion requirement of Woodford may be avoided where the facts of the
18 case demonstrate a defense of waiver, estoppel, or equitable tolling. Johnson v. Ford,
19 261 F. Appx. 752, 753 (5th Cir. 2008).

20      The U.S. Supreme Court and the Ninth Circuit Court of Appeals have not
21 decided whether the PLRA's exhaustion requirement is subject to exception. Woodford,
22 548 U.S. at 104 (Breyer, J., concurring) (assuming exceptions apply); Ngo v. Woodford,
23 539 F.3d 1108, 1110 (9th Cir. 2008) ("It is unclear whether we can read exceptions into
24 the PLRA's exhaustion requirement.")

25      However, many other circuits have concluded that an exception exists, or
26 exhaustion has been completed, where the petitioner could not properly exhaust due to

27
28                                         -8-

the misconduct or inaction of prison officials. See, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was preventing from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (stating that courts must "ensure any defects in exhaustion were not procured from the action or inaction of prison officials"); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (holding an administrative remedy unavailable under the PLRA where prison staff fail to respond to a properly-filed grievance or commit misconduct that prevents exhaustion); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (administrative remedies not available under the PLRA, and defendants estopped from raising non-exhaustion where the petitioner could not use the administrative appeals process due to prison officials' conduct or failure to timely process the appeal.)

Estoppel may be found where actions taken by defendant prevent a plaintiff from filing suit. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051-52 (9th Cir. 2008), citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir.1990). Under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. Lukovsky, 535 F.3d at 1051, citing Honig v. San Francisco Planning Dep't, 127 Cal.App.4th 520, 529 (Cal. Ct. App. 2005).

      2.      Defendants are Estopped to Assert Untimeliness

Defendants assert an untimeliness defense to the Administrative Appeal even though the Appeal was never rejected or cancelled for untimeliness. Plaintiff was given no notice of or opportunity to administratively appeal untimeliness; his appeal was

accepted.[7] Plaintiff was unable to exhaust his administrative remedies as to any untimeliness defense due to prison officials' failure to reject or cancel his Administrative Appeal on that basis. He can not be said to have procedurally defaulted in his appeal recourse as to such "untimely" claim. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (inmate does not procedurally default, so as to fail to exhaust where not on notice of need to grieve a particular form of relief.) Moreover, Plaintiff's Administrative Appeal was processed by prison officials through the third level, exhausting all available administrative remedies. Woodford, 548, U.S. at 87.

The actions of prison officials prevented Plaintiff from timely pursuing administrative remedies on Defendants' untimeliness defense. The Woodford Court suggests that acceptance of a late appeal would not place an inmate in procedural default of administrative remedies absent some other procedural violation. See Woodford, 548 U.S. at 95 ("[A]cceptance of [a] late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds.") Defendants' acceptance of the late Administrative Appeal was unaccompanied by any further procedural infirmity. The Administrative Appeal was not dismissed on procedural grounds.

Defendants argue entitlement to the untimeliness defense notwithstanding their acceptance and investigation of the Administrative Appeal, arguing that (1) otherwise prison officials as a matter of policy would be disinclined to accept and investigate late claims of potentially serious violations, and (2) a line of Title VII discrimination cases stand for the proposition that acceptance of a late claim is not a waiver of an untimeliness defense.

---

[7] Untimeliness as grounds for cancelling an appeal may be separately appealed. See Cal. Code Regs. tit. 15 § 3084.6(c)(e).

The policy argument is unavailing here because prison officials denied the Administrative Appeal on the merits at the third level, after acceptance and investigation, without ever raising untimeliness.

The case law cited is equally unavailing. The <u>Woodford</u> Court expressly found that the filing requirement of Title VII discrimination actions does not require exhaustion of remedies and can not be viewed as a model for PLRA exhaustion. <u>Woodford</u>, 548 U.S. at 99. Additionally, the Court denies the instant motion based not upon waiver of untimeliness, but rather estoppel to assert untimeliness.[8]

### 3. Estoppel Furthers Justice and Policy

Exhaustion requirements may be excused where dismissal would not further the interests of justice or the purposes of the exhaustion requirement. <u>Johnson</u>, 261 F. Appx. at 755. The doctrine of exhaustion of administrative remedies serves the main purposes of affording an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," discouraging "disregard of [the agency's] procedures", and "promot[ing] efficiency" by resolving claims outside of litigation. <u>Woodford</u>, 548 U.S. at 88.

Defendants had the benefit of reviewing Plaintiff's Administrative Appeal through the third formal level. They made no other or further administrative review process available to Plaintiff. Plaintiff was advised in the June 1, 2009 Director's Level Appeal Decision that "[t]his decision exhausts the administrative remedy available to the appellant within the CDCR." (Lozano Decl., Ex. B.)

To now find Plaintiff's Administrative Appeal untimely would not further the principles underlying the exhaustion doctrine because complete review on the merits

---

[8] Waiver is the "intentional relinquishment of a known right." <u>Cain v. Texas Dept. Of Criminal Justice-Correctional Institutions Div. Director,</u> — F.Supp.2d ----, 2007 WL 917377 at *1 (S.D. Tex. March 23, 2007), citing <u>United States v. Dodson</u>, 288 F.3d 153, 160 (5th Cir. 2002), quoting <u>United States v. Olano</u>, 113 S.Ct. 1770, 1777 (1993). The Court finds that waiver is not applicable based upon the evidence before the Court.

1  through the Director's Level was accomplished. See Nunez v. Duncan, 591 F.3d 1217,
2  1224 (9th Cir. 2010) (inmate's failure to exhaust under PLRA excused where he took
3  reasonable and appropriate steps to exhaust and was precluded not through his own
4  fault but by the mistake of prison staff); see also Jones v. Plessas, 2011 WL 5593038
5  at *1 (E.D. Cal. November 16, 2011), citing Brown v. Valoff, 422 F.3d 926, 934-35 (9th
6  Cir. 2005) (a prisoner need not exhaust further levels of review once he has been
7  reliably informed by an administrator that no more remedies are available.)

**V.     CONCLUSIONS AND ORDER**

Plaintiff's Administrative Appeal of the August 23, 2008 incident, Log No. SCC-09-00023, was untimely filed. However, Plaintiff exhausted administrative remedies on the merits, and Defendants are equitably estopped to assert the untimeliness defense to exhaustion. Defendants have not carried their burden of establishing Plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Accordingly, for the reasons stated above, Defendants' motion to dismiss (ECF Nos. 19, 24) is DENIED.

IT IS SO ORDERED.

Dated:    January 20, 2013            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE